STATE of Tennessee,
Plaintiff-Respondent,

v.

Larry HAMM, Kenneth Smithers and
Horace E. Vineyard,
Defendants-Petitioners.

Supreme Court of Tennessee,
at Knoxville.

Feb. 17, 1981.

Alfred Hathcock, Lenoir City, for defendants-petitioners Hamm and Smithers.

W. Zane Daniel, Knoxville, for defendant-petitioner Vineyard.

William P. Sizer, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for plaintiff-respondent.

BROCK, Chief Justice.

The three above named defendants were jointly indicted in a two count indictment charging, in the first count, larceny of a 1968 Ford truck, one citizen's band radio, one jack, one tool box, containing assorted tools, and two eight-track stereo tapes ". . . all to the value of over $100.00 . . ." and, in the second count, with feloniously and fraudulently concealing the same personal property of Don H. Bailey. All three defendants were convicted on the count of grand larceny and sentenced to terms of not less than three nor more than six years in the penitentiary.

The Court of Criminal Appeals affirmed these convictions. It concluded that the trial court had erred (1) in not instructing the jury on the lesser included offense of "joyriding," T.C.A. § 59–504, and (2) in failing to deliver to the jury a written charge containing the complete oral charge; but, it held that these errors were harmless. It also found that certain underlining and interlining in the written charge was harmless. We granted certiorari review.

A truck belonging to Don Bailey disappeared from a field in which he was combining soybeans. About an hour and a half after Bailey discovered the truck to be missing, it was found nearby where it had been abandoned alongside the highway. Several items had been taken from it, including a c.b. radio, a jack, two eight-track stereo tapes, a tool box containing assorted tools, and jumper cables. Police investigation disclosed the fact that the truck had been seen earlier as it was being driven by one person, traveling at a high rate of speed and apparently accompanied by two persons driving behind it in a red truck. The red truck was sighted and stopped the same day after discovery of the stolen truck. Defendant Vineyard was driving and his codefendants were passengers. All of the items missing from the stolen truck were recovered in Vineyard's red truck.

The defendants contend that the charge to the jury was erroneous in that (1) it failed to charge "joyriding" as a lesser included offense within the charge of larceny of an automobile and (2) the written charge given to the jury did not contain "every word" of the oral charge, as required by T.C.A. § 40–2516.

I

This court held in *Spencer v. State*, Tenn., 501 S.W.2d 799 (1973) that "joyriding," as defined in T.C.A. § 59–504, was an offense lesser than and included within the offense of larceny of an automobile and that it must be charged to the jury when the facts warrant it. We hold, as the Court of Criminal Appeals held in this case, that the facts here warranted a charge upon the joyriding statute. The charge was warranted because the evidence showed that, shortly after the truck was taken, it was abandoned nearby, thus indicating an intention of temporary user rather than of a permanent taking. Moreover, we conclude that failure to give this charge was not harmless error but was prejudicial error requiring a reversal of the judgment of conviction.

In determining whether the failure to charge the joyriding statute constitutes harmless or reversible error, we are guided by Rule 36(b) of the Tennessee Rules of Appellate Procedure which provides:

"Effect of Error.—A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."

The defendants were charged and convicted of grand larceny which required a finding that the value of the goods stolen exceeded $100.00 in value. T.C.A., § 39–4203. In determining the value of stolen property in larceny cases, the trier of fact is to determine the fair cash market value of the stolen property at the time and place of

the theft; neither the original value nor the replacement value of the stolen goods are recognized for this purpose. 3 Underhill, Criminal Evidence, § 603 at 1474 (5th ed. Herrick 1957); 50 Am.Jur.2d *Larceny* § 159 (1970), wherein the rule is stated as follows:

"The market value of the article stolen, and not its original cost, is the true criterion when it is necessary to establish the value of the property in order to fix the grade of the offense, . . . ."

*See also White v. State*, 85 Wis.2d 485, 271 N.W.2d 97 (1978); *State v. Miller*, 108 Ariz. 303, 497 P.2d 516 (1972); *State v. Gallegos*, 63 N.M. 57, 312 P.2d 1067 (1957); *People v. DiPillo*, 31 A.D.2d 632, 296 N.Y.S.2d 8 (1968).

The only evidence of the value of the goods taken from Mr. Bailey in this case consisted of Mr. Bailey's testimony as follows:

1. Tools—"I would be afraid to say, I had some of my father's tools in there. My own tools, that I had bought that fall, I believe, was around $40.00, plus his tools."
2. Jumper cables—"I had to buy another set of jumper cables, and I paid, I believe, it was $15.00 for those."
3. C.B. radio—The witness stated that his father had given him the radio, which in turn had been given to his father as a gift. At the time his father received it, the witness testified that he saw a radio similar to it advertised in a magazine for "a little over $200.00." Mr. Bailey agreed upon cross-examination that the value of such radios had diminished that that a new one at the time of trial would probably cost "$90.00 to $100.00." Mr. Bailey further stated "if I were to sell it," the radio would go for about half of its original value.
4. Tapes—Value new: $5.00 each. Mr. Bailey testified on cross-examination: "I base the value on what I could replace it for."
5. Jack—No evidence was given of the value of the jack that was stolen.

The defendants argue that if joyriding had been charged the jury probably would have found the defendants guilty of joyriding with respect to the truck, thus removing the value of the truck as an element to be considered by the jury in determining whether the defendants had stolen property of more than $100.00 in value. If the value of the truck should be thus excluded from consideration, a very close factual issue would arise whether the remaining items stolen would in value add up to more than the $100.00 necessary to constitute grand larceny. The defendants appear to be willing to take the risk that a properly instructed jury would convict them of only petit larceny and joyriding rather than grand larceny and joyriding. Under these particular circumstances we have concluded that the error in failing to charge respecting the joyriding statute is a reversible error.

II

A substantial portion of the trial judge's oral instructions to the jury do not appear in the written instructions which he gave to the jury for use in their deliberations as required by T.C.A., § 40–2516, which provides:

" . . . [E]very word of the judge's charge shall be reduced to writing before given to the jury, and no part of it whatever shall be delivered orally in any such case, but shall be delivered wholly in writing. Every word of the charge shall be written, and read from the writing, which shall be filed with the papers, and the jury shall take it out with them upon their retirement."

The last extensive consideration of this statute by this Court was in *McElhaney v. State*, 220 Tenn. 532, 420 S.W.2d 643 (1967) in which this Court emphasized that the statute is mandatory in nature.

 The State contends, and the Court of Criminal Appeals agreed, that the omitted portion of the oral charge of the court was in substance the same as an earlier portion of the oral charge which was included in the written instructions given to the jury. Thus, the argument made is that in the oral

instructions the trial judge gave the same basic charge twice in different language and omitted the repetitive portion from his written charge. We have carefully examined both the oral and the written instructions given by the court in the light of this argument but have reached a conclusion contrary to that urged by the State and reached by the Court of Criminal Appeals.

Both the oral charge which was omitted from the written instructions and the written instruction said to be essentially the same as the omitted oral instruction do set forth the scope of the verdict which the jury may consider on the larceny count. Thus, both set forth the elements of and the defenses to larceny. Despite these similarities, however, we find that there are also significant differences. That part of the oral charge omitted from the written instructions, among other things, instructs the jury to find the defendants not guilty if it has a reasonable doubt as to whether the property was taken for "temporary use," but this key phrase, which was very material in this case because of the abandonment of the truck, was not mentioned in the written instructions.

■ Since this charge deals with the essence of the jury's duties, it appears to be squarely within the policy of T.C.A., § 40–2516, quoted above. The omission clearly conflicts with the mandate of the statute which requires "every word" of the oral instruction to go to the jury in written form. We conclude that this error more probably than not affected the judgment and, therefore, cannot be considered to be harmless.

Because of the foregoing prejudicial errors in the judge's instructions to the jury, we reverse the judgment of conviction and the judgment of the Court of Criminal Appeals affirming that judgment and remand this cause to the trial court for a new trial to be conducted in accordance with this opinion. At the new trial, the trial judge should also give the jury proper instructions respecting the determination of value of stolen property as set out in this opinion. Costs are assessed against the State.

FONES, COOPER and HARBISON, JJ., concur.