IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
JUNE 1999 SESSION

FILED

March 9, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,              )    C.C.A. NO. W1998-00637-CCA-R3-CD
                                 )
          Appellee,              )
                                 )    SHELBY COUNTY
V.                               )
                                 )
                                 )    HON. W. FRED AXLEY, JUDGE
KHANH V. LE,                     )
                                 )
          Appellant.             )    (FIRST DEGREE MURDER)


## SEPARATE OPINION CONCURRING
## IN PART AND DISSENTING IN PART

I concur with Judge Ogle's opinion concerning the issue of sufficiency of the evidence to sustain the conviction for first degree murder and the issue regarding the suppression of identification testimony. I concur that the trial court did not err by refusing to charge voluntary manslaughter as a lesser-included offense. I also concur that the trial court erred by failing to charge second degree murder as a lesser-included offense. However, I dissent from the majority opinion's conclusion that this error was not reversible error.

In State v. Williams, 977 S.W.2d 101 (Tenn. 1998), the defendant was convicted of first degree premeditated murder. The trial court charged the jury with the lesser-included offenses of second degree murder and reckless homicide. The court of criminal appeals reversed and remanded for a new trial on the basis it was reversible error for the trial court to not charge voluntary manslaughter as a lesser-

included offense. The supreme court agreed that it was error to not charge voluntary manslaughter, but held that it was harmless, and not reversible error. Id. at 106.

Specifically, the supreme court stated:

Accordingly, we conclude that a trial court's erroneous failure to instruct on voluntary manslaughter is subject to harmless error analysis. Reversal is required if the error affirmatively appears to have affected the result of the trial on the merits, or in other words, reversal is required if the error more probably than not affected the judgment to the defendant's prejudice. See, e.g., State v. Hamm, 611 S.W.2d 826 (Tenn. 1981) (applying harmless error analysis and concluding that the trial court's failure to instruct upon the lesser offense constituted prejudicial error).

Id. at 105

In Williams, the supreme court also held,

. . . by finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, second degree murder, the jury necessarily rejected all other lesser offenses, included voluntary manslaughter. Accordingly, the trial court's erroneous failure to charge voluntary manslaughter is harmless beyond a reasonable doubt because the jury's verdict of guilt on the greater offense of first degree murder and its disinclination to consider the lesser-included offense of second degree murder clearly demonstrates that it certainly would not have returned a verdict on voluntary manslaughter.

Id. at 106 (emphasis added).

Under State v. Burns, 6 S.W.3d 453 (Tenn. 1999), I am constrained to note that it is somewhat unclear to me whether failure to properly charge a lesser-included offense is a constitutional (affecting the constitutional right to trial by jury) error or only a non-constitutional statutory error.

This is an important distinction because of the difference in the tests for harmlessness of constitutional errors and non-constitutional errors. Recently, the supreme court set forth the difference as follows:

> For example, in Tennessee, non-constitutional errors will <u>not</u> result in reversal unless the error affirmatively appears to have affected the result of the trial on the merits, or considering the whole record, the error involves a substantial right which more probably than not, affected the judgment or would result in prejudice to the judicial process. Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b); <u>State v. Cook</u>, 816 S.W.2d 322, 326 (Tenn. 1991); <u>State v. Williams</u>, 977 S.W.2d 101, 105 (Tenn. 1998). In contrast, a constitutional error <u>will</u> result in reversal unless the reviewing court is convinced "beyond a reasonable doubt" that the error did not affect the trial outcome. <u>Chapman v. California</u>, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); <u>Howell</u>, 868 S.W.2d at 260; <u>Cook</u>, 816 S.W.2d at 326; Tenn. R. Crim. P. 52(a).

<u>State v. Harris</u>, 989 S.W.2d 307, 315 (Tenn. 1999).

In <u>Williams</u>, the majority opinion stated, as quoted above, that reversal was required when the trial court erroneously failed to instruct on voluntary manslaughter, ". . . if the error affirmatively appears to have affected the result of the trial on the merits, or in other words, reversal is required if the error more probably than not affected the judgment to the defendant's prejudice." <u>Williams</u>, 977 S.W.2d at 105.

However, as also noted above, the majority opinion held that the trial court's erroneous failure to charge the lesser-included offense of voluntary manslaughter was "harmless beyond a reasonable doubt." <u>Id</u>. at 106.

In addition, while specifically noting that <u>Strader v. State</u>, 210 Tenn. 669, 362 S.W.2d 224 (1962), discusses the denial <u>of the right to a jury trial</u> which

results when the trial court erroneously fails to charge a lesser-included offense, Williams, 977 S.W.2d at 104 n. 4, and distinguishing Strader on other grounds, Id. 106 n. 6, the supreme court did not list Strader among cases specifically overruled by Williams, Id. at 106 n. 7.

Strader specifically holds that,

> [The defendant] had the right to have all the law as to these different grades of offenses explained to the jury, in order that they might apply the law in determining whether he was guilty of any one or more of such offenses. [Defendant] had this right because the statute (T.C.A. § 40-2518) gave it to him, and because it was a part of his constitutional right of trial by jury to have every issue made by the evidence tried and determined by the jury under a correct and complete charge of the law given by the Judge.

Strader, 210 Tenn. at 682-83, 362 S.W.2d at 230 (emphasis added).

In State v. Bolden, 979 S.W.2d 587 (Tenn. 1998), filed approximately two months after Williams was filed, a unanimous supreme court cited Strader in holding,

> We have frequently held that the trial court's obligation under this statute is mandatory, provided there is sufficient evidence for a rational trier of fact to find the defendant guilty of a lesser offense. Strader v. State, 210 Tenn. 669, 362 S.W.2d 224, 228 (Tenn. 1962). The failure to instruct on a lesser offense, however, may be shown to be harmless beyond a reasonable doubt under some circumstances. State v. Williams, 977 S.W.2d 101 (Tenn. 1998).
>
> * * *
>
> One purpose of the statute [requiring the trial court to charge lesser offense] is to protect the right to trial by jury by instructing the jury on the elements of all offenses embraced by the indictment.

Bolden, 979 S.W.2d at 593 (emphasis added).

In spite of the uncertainty of whether error by failing to charge a lesser-included offense is a constitutional error, a non-constitutional error, or a non-constitutional statutory error where reversal is necessary unless the appellate court concludes beyond a reasonable doubt that the error did not affect the outcome of the trial, I feel that Williams requires a finding of reversible error in this case.

In Williams, the majority opinion distinguishes the cases relied upon in the dissenting opinion. Specifically it is stated:

> In other cases, cited by the dissent, the jury was not instructed as to any lesser-included offenses, though the record contained evidence of those offenses. See, e.g., Strader, supra; State v. Vance, 888 S.W.2d 776 (Tenn. Crim. App. 1994); State v. McKnight, 900 S.W.2d 36 (Tenn. Crim. App. 1994). Since the jury was given only one option, and the proof would have supported another, those cases also are clearly distinguishable from the circumstances of this case.

Williams, 977 S.W.2d at 105-06 n. 6 (emphasis added).

Therefore, pursuant to Williams' reliance on Strader, Vance, and McKnight, under circumstances where the trial court does not charge any lesser-included offenses, and there is error to fail to charge at least one lesser-included offense, I am compelled to find that it is reversible error in this case for the trial court to not charge the lesser-included offense of second degree murder.

For the above-stated reasons, I respectfully dissent, and would reverse the conviction and remand for a new trial.

_____
THOMAS T. WOODALL, Judge