# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 5, 2003

## STATE OF TENNESSEE v. KEITH PETTIGREW

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-00496-97     Joseph B. Dailey, Judge**

---

**No. W2002-02539-CCA-R3-CD - Filed September 4, 2003**

---

A Shelby County jury convicted the Defendant for theft of property valued between $1,000 and $10,000 and burglary of a motor vehicle. The trial court sentenced the Defendant as a Range III persistent offender to ten years of incarceration for the theft offense and five years of incarceration for the burglary offense, both sentences to be served concurrently. The Defendant now appeals, contending that the evidence is insufficient to sustain his theft conviction. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

W. Mark Ward, Memphis, Tennessee (on appeal) and Mary K. Kent, Memphis, Tennessee (at trial) for the appellant, Keith Pettigrew.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

At midnight on August 27, 2000, James Johnson was working at a Flash Market Texaco Station ("Texaco Station") in Shelby County when he observed the Defendant, Keith Pettigrew, and another man parked in a white car behind the Texaco Station and beside a church. The Defendant was in the passenger seat of the vehicle, and Mr. Johnson noticed him get out of the automobile with something that looked like a crowbar and go behind the church. A short time later, Mr. Johnson noticed the same car next to the window of the Texaco Station occupied by the same two passengers. Mr. Johnson testified that he saw the Defendant holding what appeared to be a "sack" and that the

two men were searching through items in the "sack," which contained, among other things, a ratchet. As the car drove off Mr. Johnson obtained its license plate number, and he phoned the police.

Jerome C. Stone was indicted as a co-defendant and testified against the Defendant. He testified that he met the Defendant earlier in the night on August 27, 2000, and that the Defendant asked him for a ride to the Defendant's wife's house. Mr. Stone obliged, and while in the car going to the Defendant's wife's house, the Defendant asked Mr. Stone to stop the vehicle at the Texaco Station so that the Defendant could retrieve some items that he "left at work." The Defendant exited the vehicle and a short time later returned with a black two-way radio. After leaving the Texaco Station, Mr. Stone noticed that his crowbar was missing from the back seat of his car. When questioned by Mr. Stone about the crowbar, the Defendant told Mr. Stone that he used the crowbar to prop open the door where he worked to get his radio. When Mr. Stone and the Defendant went back to the Texaco Station to retrieve Mr. Stone's crowbar, the Defendant told Mr. Stone to keep driving because the police were at the Texaco station. Thereafter, the police stopped Mr. Stone, confiscated the radio and arrested both Mr. Stone and the Defendant.

Officer R. R. Sanders with the Memphis Police Department testified that he was called to the Texaco Station and that when he arrived Mr. Johnson informed him of the events that had occurred and of the license plate number of the car in which the Defendant was riding. Shortly thereafter, he and the other officer with him noticed a car matching that description passing the Texaco Station. The officers pursued and stopped the vehicle. Officer Sanders testified that he saw a "sack" in the vehicle that contained a two-way radio. After confiscating the radio and arresting Mr. Stone and the Defendant, the officers went back to the lot where Mr. Johnson had seen the Defendant go with the crowbar and discovered a Jeep Cherokee that appeared to have previously had a radio similar to the one found in the Defendant's possession. The Jeep Cherokee also had a crowbar located in the backseat.

Officer Sanders ascertained that Burlington Northern Santa Fe Railroad ("Burlington Northern") owned the Jeep Cherokee. After being notified of the circumstances, Burlington Northern sent an agent, Donald Garner, who verified that the Jeep was owned by Burlington Northern and that a two-way Motorola Radio was missing from the Jeep. The agent then verified that the radio found in the Defendant's possession had the same serial number as the radio that was missing from the Jeep. The agent testified that to purchase the radio at the time of trial would cost $1,443, which was the price quoted to him by the manager of the radio shop used by Burlington Northern. The agent also testified that he found a similar used radio for $850 on the Internet, but that he was uncertain whether that radio possessed all the same features as the radio stolen by the Defendant.

Based upon this evidence, the jury returned a verdict for the State, finding the Defendant guilty of theft of property valued between $1,000 and $10,000 and burglary of a motor vehicle. The Defendant now appeals his theft conviction contending that the evidence was insufficient to sustain it because the evidence did not prove, beyond a reasonable doubt, that the fair market value of the stolen radio was over $1,000 at the time that the radio was stolen.

## II. Sufficiency of the Evidence

The Defendant contends that insufficient evidence was presented to support his theft conviction. When an accused challenges the sufficiency of the evidence, "the standard for review by an appellate court is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Smith*, 24 S.W.3d 274, 278 (Tenn. 2000) (quoting *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999)); *see* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. *Smith*, 24 S.W.3d at 279. Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. *Buggs*, 995 S.W.2d at 105. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956). This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *Id.*

In the case under submission, the Defendant was found guilty of an offense pursuant to Tennessee Code Annotated section 39-14-103 (1997). That code section states: "A person commits theft of property if with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103. That offense is "[a] Class D felony if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000)." Tenn. Code Ann. § 39-14-105 (3) (1997). "Value" is defined as "(i) The fair market value of the property or service at the time and place of the offense; or (ii) If the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense . . . ." Tenn. Code Ann. §§ 39-11-106 (a)(36)(A)(i)-(ii) (1997). The State must prove the value of the stolen property beyond a reasonable doubt, *State v. Tuggle*, 639 S.W.2d 913, 915 (Tenn. 1982), and the final determination of the value of the stolen property is made by the jury. *State v. Hamm*, 611 S.W.2d 826, 828-29 (Tenn. 1981).

The Defendant asserts that the evidence is insufficient for any rational trier of fact to find, beyond a reasonable doubt, that the stolen property had a value over $1,000. In support of this assertion, the Defendant relies on the testimony of the Burlington Northern officer who testified that he found a similar used two-way radio on the internet for $850, an amount less than $1000. The Defendant also contends that the State is required to offer evidence as to the fair market value of the stolen property, and only in the event that the fair market value cannot be ascertained may the State offer evidence as to replacement value. Accordingly, the Defendant contends his theft conviction cannot stand. We cannot agree with the Defendant's contention.

Viewing the evidence in the light most favorable to the State, it is clearly sufficient to support the conviction. The Burlington Northern officer testified he conducted some research to determine the fair market value of a used radio similar to the one stolen. In his research he found a similar used radio on the Internet with an asking price of $850, but the officer was unsure if the radio possessed all the features of the stolen radio. The officer also testified that the replacement cost of the stolen property was $1,443. From this testimony the jury determined that the fair market value of the stolen property at the time of the offense was over $1,000. The officer's testimony is sufficient to support the jury's finding.

## IV.  Conclusion

In accordance with the foregoing, we find that the evidence presented at trial is sufficient to sustain the Defendant's conviction for theft of property valued over $1,000. Therefore, the judgment of the trial court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE