IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2001

## STATE OF TENNESSEE v. TROY D. RYAN

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-599-151-B      Timothy L. Easter, Judge**

---

**No. M2000-02142-CCA-R3-CD Filed December 14, 2001**

---

The defendant appeals from a conviction of theft of property over one thousand dollars. The sole issue presented for review is the sufficiency of the evidence to establish the value element of the offense. We conclude that the testimony by the owner of the stolen property was sufficient for the jury to find that the fair market value of the property was over one thousand dollars. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J. joined. JOSEPH M. TIPTON, J., filed a dissenting opinion.

E. Shayne Brasfield, Franklin, Tennessee, for the appellant, Troy D. Ryan.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon E. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Troy D. Ryan, was indicted by a Williamson County Grand Jury for a violation of Tennessee Code Annotated section 39-14-103, theft of property with a value of one thousand dollars or more, a Class D felony. On February 18, 2000, the defendant was found guilty of the indicted offense and assessed a fine of three thousand dollars by a jury. On May 19, 2000, the trial court sentenced the defendant, as a multiple Range II offender, to six (6) years imprisonment.

The defendant filed a combined motion to dismiss, motion for judgment of acquittal, and motion for new trial on June 16, 2000. Although the record on appeal does not contain an order of the trial court with respect to the June 16, 2000, motion, the defendant filed a notice of appeal on

August 28, 2000.  In this appeal, the defendant asserts that the evidence was insufficient to establish the value of the stolen property, a required element of the offense.

## Facts

The defendant and a co-defendant were tried jointly.  Viewing the evidence presented at trial in the light most favorable to the state, the following facts were established. The defendant and the co-defendant were hired to paint the foyer of Wanda and Gary Brock's home.  While the two men were working in the Brock home, they kept their paint and supplies in the basement of the home.  Mr. Brock was away on business when the defendant began working in his home but returned home before the work was completed.

Mr. Brock was an independent sales agent who acted as a middleman between retail sales establishments and manufacturers of power tools, equipment, hardware and other lawn and garden equipment.  Mr. Brock also owned a large number of power tools and equipment, which he kept in the basement of his home.   Upon returning home, Mr. Brock found the defendant and the co-defendant working in his foyer.  Mr. Brock testified that the two men left shortly after he arrived home.  Sometime after they left, Mr. Brock went to the basement of the home where he discovered that paint had been spilled and a mess created in the area where the men were keeping the supplies.  After further inspection, Mr. Brock discovered that a number of his power tools were missing.  Mr. and Mrs. Brock contacted the police and reported the items stolen.

Over the course of several weeks, the police recovered several of the stolen tools from local pawn shops.  Mr. Brock identified the tools as they were recovered by describing unique features and providing serial numbers.   The state introduced testimony from a pawn shop employee which established the defendant had pawned several of the stolen items along with his co-defendant.

At trial, Mr. Brock identified photographs of the recovered tools.  Mr. Brock prepared a list of the stolen property, which indicated the value of each tool.  Mr. Brock testified that he established the value of the tools based on research he had done after the theft at Lowe's, a retail store that sells tools.  Mr. Brock testified that some of the tools were not available on the retail market and that he had approximated the value of such tools by using comparable products on the retail market.  Mr. Brock testified in detail about each of the tools that had been stolen.  He explained where and how he had acquired each tool, how long he had owned each tool, how many times he had used each tool, and the condition of each tool.

## Analysis

We begin by addressing the state's contention that the defendant has failed to demonstrate that his notice of appeal was timely filed.  In the instant case, the trial court entered defendant's judgment order setting forth his sentences on May 19, 2000.  The defendant filed a timely motion for new trial on June 16, 2000.  The defendant has provided no record of the trial court's order disposing of such motion, but refers to a judgment entered on July 27, 2000, in his notice of appeal.

We agree that the defendant bears the burden in this case of preparing an adequate record in order to allow meaningful review on appeal, which includes demonstrating that this Court has jurisdiction to hear the appeal. Tenn. R. App. P. 24 (b); State v. Bunch, 646 S.W.2d 158, (Tenn. 1983). The defendant has failed to satisfy this requirement. We must, therefore, assume that the defendant's notice of appeal was untimely.

A notice of appeal is required to be filed with the clerk of the trial court within thirty days after the entry of the judgment or order from which relief is sought. Tenn. R. App. P. 4(a); State v. Hamlin, 655 S.W.2d 200 (Tenn. Crim. App. 1983). The time for filing a notice of appeal is tolled by the timely filing of a post-trial motion for judgment of acquittal, new trial, or arrest of judgment. Tenn. R. App. P. 4(c). In the event that the time for filing is not tolled and an untimely notice of appeal results, this Court may nevertheless waive the timely filing of the notice of appeal and address issues which would result in outright dismissal of the prosecution against the accused. State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989); State v. Williams, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984). In addition, this court may review the record for plain errors when necessary to do substantial justice. Tenn. R. Crim. P. 52(b).

The defendant's sole issue in this appeal is whether there was sufficient evidence to establish the value of the stolen property. This issue is one which, if meritorious, would result in a reversal and dismissal of the charges. We conclude that this is an appropriate case in which to waive the timely filing requirement for the notice of appeal. Accordingly, we will address the sufficiency of evidence issue.

The defendant only challenges the sufficiency of the evidence adduced at trial to establish the value of the stolen property. Specifically, the defendant asserts that the evidence was insufficient to establish the value of the property to support his conviction of theft of property over one thousand dollars. Therefore, the defendant argues, the trial court was required to declare the value of the property to be less than fifty dollars.

When a defendant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, a guilty verdict removes the presumption of innocence enjoyed by defendants at trial and replaces it with a presumption of guilt. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, a defendant challenging the sufficiency of

the evidence carries the burden of illustrating to this Court why the evidence is insufficient to support the verdict. State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

In order to sustain a conviction for theft of property over one thousand dollars, the state must prove that the defendant, with the intent to deprive the owner of the property, knowingly obtained or exercised control over property without the owner's effective consent, and the value of the property was over one thousand dollars but less than ten thousand dollars. Tenn. Code Ann. §§ 39-14-103, -105(3).

In the instant case, the defendant is only challenging the sufficiency of the evidence to establish the value element of the offense. Value of property is defined as the fair market value of the property at the time and place of the offense; or if the fair market value cannot be ascertained, the cost of replacing the property. Tenn. Code Ann. § 39-11-106(a)(36). If the value cannot be ascertained using either of these methods, the property is deemed to have a value of less than fifty dollars. Tenn. Code Ann. § 39-11-106(a)(36)(C). The theft is then punished as a class A misdemeanor. Tenn. Code Ann. § 39-14-105(1).

Tennessee Rule of Evidence 701(b) permits the owner of personal property to testify about the value of that property. State v. Hamm, 611 S.W.2d 826 (Tenn. 1981); Reaves v. State, 523 S.W.2d 218, 220 (Tenn. Crim. App. 1975). He or she can testify about either the fair market value at the time of the offense or the replacement cost. State v. Logue, No. W1999-01795-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 958 (Tenn. Crim. App., at Jackson, Dec. 15, 2000).

In this case, the owner of the property, Mr. Brock, testified to the value of the property stolen. Mr. Brock listed all of the tools that were stolen along with the corresponding value of each tool. This list was admitted as an exhibit at trial. Mr. Brock testified that he was a tool broker by profession. He testified that he did not know what the fair market value of the tools was because he is unfamiliar with the used tool market. He also indicated that his estimated value of each tool was based on his research of the retail cost of the tool at the time it was stolen. Because some of the tools were acquired through his business connections and were not available on the retail market, Mr. Brock estimated the retail cost of those tools based on comparable products. Additionally, Mr. Brock testified to how long he had owned each tool, how many times it had been used, and the condition at the time it was stolen. Based upon Mr. Brock's testimony, the total value of the tools was over one thousand eight hundred dollars.

The determination of fair market value is a jury question based on the evidence presented at trial. Hamm, 611 S.W.2d at 828-29. Given the information presented concerning the current retail purchase price of each tool, the condition of the tools, and the length of ownership, the evidence was sufficient for the jury to determine that the value of the property taken was more than one thousand dollars. This issue is without merit. Accordingly, the judgment of the trial court is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE