# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 22, 2010

## STATE OF TENNESSEE v. JAMES EDGAR LEVERETTE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 16639     Lee Russell, Judge**

---

**No. M2009-01286-CCA-R3-CD - Filed July 26, 2010**

---

The defendant, James Edgar Leverette, stands convicted of theft of property over $500, a Class E felony. The trial court sentenced him as a career offender to six years in the Tennessee Department of Correction. On appeal, the defendant challenges the sufficiency of the evidence, arguing that the value of the property was under $500. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, joined.

Donna Orr Hargrove, District Public Defender, and Michael J. Collins, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, James Edgar Leverette.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In September 2008, a Bedford County grand jury indicted the defendant, James Edgar Leverette, for theft of property over $500, a Class E felony. At the February 10, 2009 jury trial, the parties stipulated to the following:

> [T]he defendant knowingly obtained or exercised control over eight tires owned by Gateway Tire; and . . . the defendant did not have Gateway's

effective consent to exercise that control over those tires; and . . . the defendant intended to deprive Gateway Tire of all eight of those tires.

The only issue before the jury was the value of the tires. The state presented two witnesses who testified to the value of the tires.

Chad West, the store manager of the Shelbyville Gateway Tires, testified that store surveillance tapes showed an individual taking eight tires from the store on July 17, 2008. He said that all eight tires were new Goodyear Wrangler size 235/75-15. Mr. West testified that his store sold those tires for $79 each, totaling $632 for the eight tires. On cross-examination, Mr. West testified that his store bought the tires from a warehouse for $55 each.

John Edens, an employee of Dunlap and Kyle Tire Company, the parent company of Gateway Tires, corroborated Mr. West's testimony that Gateway Tires sold the Goodyear Wrangler tires to consumers for $79 each. He further testified that, in the ninety days before the theft, the Shelbyville Gateway Tires location sold seven sets of Goodyear Wrangler tires for $79 each, but the store also occasionally sold sets of that type of tire for between $66 and $111 each.

After deliberations, the jury found the defendant guilty as charged of theft over $500, a Class E felony. The trial court sentenced the defendant as a career offender to six years in the Tennessee Department of Correction.

**Analysis**

On appeal, the defendant challenges the sufficiency of the convicting evidence. Specifically, he argues that the value of the tires to Gateway was $55 per tire, totaling $440; therefore, he is guilty of theft under $500, a Class A misdemeanor.

We begin our review by setting forth the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to this court why the evidence will not support the jury's verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003); *see* Tenn. R. App. P. 13(e). In contrast, the jury's verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992).

The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *Carruthers*, 35 S.W.3d at 558. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or re-evaluate the evidence. *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006). Likewise, we do not replace the jury's inferences drawn from the circumstantial evidence with our own inferences. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

In order to uphold the defendant's conviction, the state had to prove that the defendant intended to deprive the owner of property and that the defendant knowingly obtained or exercised control over the property without the owner's effective consent. Tenn. Code Ann. § 39-14-103. The state also had to prove that the value of the property was over $500 to support a conviction for a Class E felony. Tenn. Code Ann. § 39-14-105(2). The Tennessee Code Annotated defines "value" as "(i) The fair market value of the property or service at the time and place of the offense; or (ii) If the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense[.]" Tenn. Code Ann. § 39-11-106(a)(36)(A). The fair market value of property is a question of fact for the jury. *See State v. Hamm*, 611 S.W.2d 826, 828-29 (Tenn. 1981). "The market value of the article stolen, and not its original cost, is the true criterion when it is necessary to establish the value of the property in order to fix the grade of the offense, . . . ." *Id.* at 829 (quoting 50 Am. Jur. 2d Larceny § 159 (1970)).

In this case, the parties stipulated that the defendant was guilty of the elements of theft and left the determination of the property value to the jury. Under *Hamm*, it is clear that the market value is the "true criterion" of fair market value, and not the original price. *Hamm*, 611 S.W.2d at 829. Additionally, this court has previously held that testimony regarding the wholesale price - $245 - of the stolen property was sufficient to convict a defendant of theft of property over $500 when the testimony reflected that the wholesale price was a fraction of the market value. *State v. Leon Goins*, No. W1999-01681-CCA-R3-CD, 1999 WL 1531111, at *4 (Tenn. Crim. App., at Jackson, Dec. 27, 1999). In this case, the jury heard evidence that the retail price of the tires was $79 and that the wholesale price was $55. The jury, by its verdict, determined the fair market value of the tires to be $79 each. Therefore, viewing the evidence in the light most favorable to the state, we conclude that the evidence was sufficient for a rational trier of fact to find that the fair market value of the property was over $500. The defendant is without relief in this matter.

_____
J.C. McLIN, JUDGE