IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2015

**STATE OF TENNESSEE v. KEVIN PRICE**

**Appeal from the Criminal Court for Shelby County**
**No. 13-01597     John Campbell, Judge**

_____

**No. W2014-00402-CCA-R3-CD  -  Filed June 24, 2015**

_____

Aggrieved of his Shelby County Criminal Court jury convictions of aggravated burglary and theft of property valued at $1,000 or more but less than $10,000, the defendant, Kevin Price, appeals, claiming that the evidence was insufficient to support his convictions. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and NORMA MCGEE OGLE, J., joined.

John R. Scott, Jr., and James P. Coleman, Memphis, Tennessee, for the appellant, Kevin Price.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant's convictions relate to his entering a storage area owned by the victim, Donald Hodge, and stealing a lawn mower, weed trimmer, hedge trimmer, and a leaf blower.

Mr. Hodge testified that when he left for work at 6:30 a.m. on October 1, 2012, the door to the storage shed adjacent to his carport was locked. When he returned home at approximately 5:30 p.m., the door was open, and "the bottom panel of the door ha[d] been knocked out." He said that "all [his] gas operated lawn equipment was missing," including "a Torro mower, an Echo weedeater, Echo hedge trimmer, and a Craftsman blower." The mower was valued "right at $400," the weed trimmer at $250,

the hedge trimmer at $260, and the blower at $130. Mr. Hodge placed the total value of all the items taken at $1,040. Mr. Hodge said that he did not give anyone permission to enter his residence or to take the lawn equipment. Mr. Hodge said that the lawn mower had been returned to him.

During cross-examination, Mr. Hodge confirmed that although the storage shed was "part of the carport," it was not adjoined to the house and that one could not "access the house from the storage room." He explained that the carport was connected to the house and that the shed was connected to the carport.

Memphis Police Department Officer Matthew Longshore responded to Mr. Hodge's call of a theft at his residence. He observed that "a wooden panel" had been "kicked out of the door" to a shed. Mr. Hodge provided Officer Longshore with serial numbers for all but one of the items taken. He said that he found no fingerprint evidence at the scene.

Regis Eleby, a pawn broker at E-Z Pawn on Sumner Avenue in Memphis, identified a pawn ticket issued on October 1, 2012, for a lawn mower with a serial number that matched the one provided by Mr. Hodge. The ticket showed that the item had been pawned by the defendant at 9:09 a.m. for $100.

At the conclusion of this proof, the State rested. After a full *Momon* colloquy, the defendant elected not to testify but did choose to present proof.

The defendant's brother, Danny Price, testified that the two men had breakfast together on the morning of October 1, 2012, at approximately 8:00 a.m. After approximately 15 minutes, Mr. Price received a call to report to a job for his wrecker service, and the two left. As he drove down the street, Mr. Price saw the defendant pull into an Exxon station where some men were "selling a lawn mower and stuff out of the back of a truck."

Based upon this proof, the jury convicted the defendant as charged of aggravated burglary and theft of property valued at $1,000 or more but less than $10,000. The defendant filed a timely but unsuccessful motion for new trial followed by a timely notice of appeal.

In this appeal, the defendant challenges the sufficiency of the convicting evidence. He also challenges his conviction of aggravated burglary on grounds that the trial court erred by failing to define the term "felony" in its instructions to the jury. We consider each claim in turn.

-2-

*I. Sufficiency*

The defendant argues that the evidence was insufficient to support both of his convictions because the State failed to establish his identity as the perpetrator. He also challenges the sufficiency of the evidence for his theft conviction on grounds that the State failed to establish that the value of the items taken exceeded $1,000.[1]

We review the defendant's claim of insufficient evidence mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.* Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

As charged in this case, "[a] person commits burglary who, without the effective consent of the property owner . . . [e]nters a building other than a habitation (or

---

[1]    As part of his challenge to the sufficiency of the convicting evidence, the defendant argues that the pawn ticket identified by Mr. Eleby contained inadmissible hearsay in the form of the date the lawn mower was pawned. He argues that without this hearsay evidence, the evidence would have failed to establish his possession of recently stolen property. Because the defendant failed to object to this evidence at the time of its admission, he may not challenge its admission on appeal. *See* Tenn. R. Evid. 103 ("Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection . . . ."); Tenn. R. App. P. 36(b) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *see also State v. Killebrew*, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988) (waiver applies when the defendant fails to make a contemporaneous objection); *State v. Jenkins*, 733 S.W.2d 528, 532 (Tenn. Crim. App. 1987); *State v. Rhoden*, 739 S.W.2d 6, 11-12, 18 (Tenn. Crim. App. 1987). Moreover, even if the evidence was erroneously admitted, it would not be excluded from our review of the sufficiency of the evidence. *See State v. Longstreet*, 619 S.W.2d 97, 101 (Tenn. 1981).

any portion thereof) not open to the public, with intent to commit a . . . theft." T.C.A. § 39-14-402(a)(1). Aggravated burglary is burglary of a habitation. T.C.A. § 39-14-403(a). "'Habitation' also includes garages and other outbuildings that are 'separately secured and occupied portions' of a habitation." *Id.* § 39-14-403, Sentencing Comm'n Comments. "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." *Id.* § 39-14-103(a). Theft of property is a Class D felony when the value of the property stolen is $1,000 or more but less than $10,000. *Id.* § 39-14-105(a)(3).

"Value," as relevant to the theft in this case, is defined by our Code as either "[t]he fair market value of the property or service at the time of the offense" or "[i]f the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense." T.C.A. § 39-11-106(36)(A)(i)-(ii). Furthermore, Tennessee Rule of Evidence 701 provides "[a] witness may testify to the value of the witness's own property or services." Tenn. R. Evid. 701(b).

The evidence adduced at trial established that when Mr. Hodge left for work at approximately 6:30 a.m. on October 1, 2012, the door to his storage shed, which was connected to Mr. Hodge's house via his carport, was intact and locked, and his lawn maintence equipment was inside. When he returned from work at approximately 5:30 p.m., the door to the shed had been kicked in, and Mr. Hodge's equipment was gone. Mr. Hodge testified that the value of the items stolen exceeded $1,000. Specifically, he said that the value of the lawn mower was $400, the value of the weed trimmer was $250, the value of the hedge trimmer was $260, and the the value of the leaf blower was $130. Mr. Eleby identified a pawn ticket that indicated that the defendant pawned Mr. Hodge's lawn mower at 9:09 a.m. on October 1, 2012. The defendant's possession of the lawn mower shortly after it was taken and the fact that he pawned the item for less than one-third of its market value supports an inference that the defendant committed both the aggravated burglary of Mr. Hodge's shed and the theft of his lawn equipment. *See State v. James*, 315 S.W.3d 440, 452 (Tenn. 2010). Furthermore, the jury accredited Mr. Hodge's valuation of the property, as was its prerogative. *See State v. Hamm*, 611 S.W.2d 826, 828-29 (Tenn. 1981) (holding that it is up to the jury to determine the value of the items stolen).

## II. Jury Instructions

The defendant next challenges his conviction of aggravated burglary on grounds that the trial court failed to define the word "felony" in its instructions to the jury. The defendant appears to argue that an aggravated burglary may not be predicated upon an intent to commit a misdemeanor theft because the word "felony" in the burglary

statute actually modifies "theft" and "assault" so that only felony theft and felony assault may serve as a basis for a conviction of aggravated burglary.

As an initial matter, we note that the defendant failed to lodge a contemporaneous objection to the jury instructions or to challenge their propriety in his motion for new trial. Accordingly, he has waived plenary review of this issue. Tenn. R. App. P. 3(e) ( "[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in . . . jury instructions granted or refused, . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived."); Tenn. R. App. P. 36(b) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). Moreover, because the trial court's instructions on aggravated burglary were an accurate statement of the law, no "clear and unequivocal rule of law" was breached, and the defendant has failed to establish that the court's instructions rose to the level of plain error. *See State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000).

*Conclusion*

Because the evidence was sufficient to support the defendant's convictions and because the jury instructions provided by the trial court were correct and complete, we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE