# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
December 13, 2017 Session
Remanded by the Supreme Court on December 5, 2019

## STATE OF TENNESSEE v. HARLEY CROSLAND

**Appeal from the Circuit Court for Lewis County**
**No. 2016-CR-74     Joseph A. Woodruff, Judge**

———————————————————

## No. M2017-01232-CCA-R3-CD

———————————————————

The State appealed the trial court's application of the Criminal Savings Statute to the Defendant's conviction for "Theft over $500," arguing that the court improperly imposed a misdemeanor sentence for the Defendant's guilty plea to Class E felony theft and that the amendments to the theft grading statute changed the elements of the offense, rather than the punishment for the offense. See T.C.A. §§ 39-14-103 (2014) (generic theft statute), 39-14-105 (2014) (amended 2017) (theft grading statute). Upon review, a majority of this court dismissed the appeal after concluding that the State had no appeal as of right under Tennessee Rule of Appellate Procedure 3 or Tennessee Code Annotated section 40-35-402. State v. Harley Crosland, No. M2017-01232-CCA-R3-CD, 2018 WL 3092903 (Tenn. Crim. App. June 21, 2018), perm. app. granted and case remanded, No. M2017-01232-SC-R11-CD (Tenn. Dec. 5, 2019) (order). On December 5, 2019, the Tennessee Supreme Court granted the State's application for permission to appeal and remanded the case to this court for reconsideration in light of the supreme court's opinion in State v. Menke, No. M2017-00597-SC-R11-CD, ___ S.W.3d ___, 2019 WL 6336427 (Tenn. Nov. 27, 2019). Harley Crosland, No. M2017-01232-SC-R11-CD (Tenn. Dec. 5, 2019) (order). Upon further review, we affirm the trial court's imposition of a sentence of eleven months and twenty-nine days for the Defendant's theft conviction, we reverse the portion of the judgment stating that this theft conviction is a Class E felony, and we remand the case to the trial court for entry of a corrected judgment form reflecting that the Defendant's amended offense and conviction offense are theft of property valued at $1,000 or less and that this theft conviction constitutes a Class A misdemeanor.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Kim R. Helper, District Attorney General; and Stacey Edmonson and Sean Duddy, Assistant District Attorneys General, for the appellant, State of Tennessee.

Richard Boehms, Hohenwald, Tennessee, for the appellee, Harley Crosland.

**OPINION ON REMAND**

The facts of this case are not in dispute. Between July 2, 2016 and July 5, 2016, the Defendant, Harley Crosland, broke into the Lewis County Landfill office and stole several items, including a chainsaw, muzzleloader rifle, handheld scanner, and two laptop computers. The police later found one of the stolen items in a room where the Defendant was staying, and the Defendant eventually admitted to breaking into the landfill and stealing the items, which were valued at more than $500 but less than $1,000. The Lewis County Grand Jury charged the Defendant with one count of theft of property valued at "at least $500 but less than $1,000" and one count of burglary. At the time the Defendant committed the theft crime, the theft grading statute in effect classified the Defendant's offense as a Class E felony. See T.C.A. § 39-14-105 (2014). On January 1, 2017, the Public Safety Act, which changed the values required for Class A misdemeanor, Class E felony, and Class D felony theft, became effective. 2016 Tenn. Pub. Acts, ch. 906, sec. 5. As a result of this new act, thefts of property valued at $1,000 or less became Class A misdemeanors. Id.; Tenn. Code Ann. § 39-14-105(a)(1) (Supp. 2017).

At the March 8, 2017 hearing, the Defendant attempted to plead guilty to theft of property valued "[o]ver $500" and attempted burglary in exchange for concurrent three year sentences as a Range II, multiple offender pursuant to a plea agreement.[1] The trial court asserted that the "change in the [theft grading] statute was to lower the maximum sentence" by "chang[ing] the grade of the offense." The court then questioned whether the Defendant should "get the benefit of that change so that [his sentence] would now be capped at 11/29." Both the State and defense counsel replied that the Defendant should be sentenced for his theft conviction pursuant to the law in effect at the time of the offense, which was prior to the effective date of the amendments to the theft grading statute. Ultimately, the trial court, in light of its concerns about the applicability of the amendments to the theft grading statute, declined to accept the Defendant's guilty plea and continued the case.

---

[1] At the March 8, 2017 hearing, the Defendant also entered several guilty pleas in two unrelated cases and conceded that he had violated his probation in another case. Because these other cases are not part of this appeal, we will not include them in our analysis.

On April 5, 2017, the Defendant, pursuant to a plea agreement, entered an "open" guilty plea as a Range II, multiple offender to theft of property valued at more than $500 but less than $1,000 and attempted burglary, with the trial court to determine the length of his concurrent, incarcerative sentences following a sentencing hearing. The court asked the parties to submit briefs on whether the theft conviction "should be sentenced as a misdemeanor as opposed to a felony" and reset the case for sentencing.

At the May 17, 2017 sentencing hearing, the trial court noted that the Defendant had committed the theft offense prior to the effective date of the amendments to the theft grading statute. The court said, "I believe that the only way for the [c]ourt to apply all of [the law,] including [the Criminal S]aving[s] Statute, is to treat the conviction as a felony conviction, but the sentence that I am able to impose is capped as 11/29." It added, "I think the [D]efendant gets the benefit of the reduction in the sentence, but the classification of the offense remains unchanged." The trial court then imposed a sentence of eleven months and twenty-nine days for the theft conviction and a concurrent sentence of three years for the attempted burglary conviction. The judgment reflected that the Defendant's theft conviction was a Class E felony. Following entry of these judgments, the State filed a timely notice of appeal.

The State, on appeal, argued that the trial court had improperly imposed a misdemeanor sentence for the Defendant's felony theft conviction. It claimed that the Criminal Savings Statute did not apply because the amendments to the theft grading statute changed the elements of the theft offense and the Defendant's offense was based on the prior version of the theft statute. The State asserted that the Defendant had been properly convicted of a felony but had improperly received a sentence "below the authorized range."

A majority of this court dismissed the appeal after concluding that the State had no appeal as of right under Tennessee Rule of Appellate Procedure 3 or Tennessee Code Annotated section 40-35-402. Harley Crosland, 2018 WL 3092903, at *2-3. Thereafter, the Tennessee Supreme Court granted the State's application for permission to appeal and remanded the case to this court for reconsideration in light of the supreme court's opinion in State v. Menke. Harley Crosland, No. M2017-01232-SC-R11-CD (Tenn. Dec. 5, 2019) (order).

## ANALYSIS

On remand, we must consider this case in light of supreme court's opinion in Menke, which held that Code section 40-35-402(b)(1) provides the State with the authority to appeal the trial court's application of the amended version of the theft

grading statute and that the Criminal Savings Statute applies to the amendments to the theft grading statute. Menke, ___ S.W.3d at ___, 2019 WL 6336427, at *8, *11.

In Menke, the Tennessee Supreme Court first considered "[w]hether the State may pursue an appeal as of right from the trial court's application of the Criminal Savings Statute, codified at Tennessee Code Annotated section 39-11-112, in sentencing the defendant for theft offenses that were committed before the effective date of the amendments to Tennessee Code Annotated section 39-14-105." Id. at *3. In that case, the State filed a notice of appeal to the Court of Criminal Appeals, citing Code section 40-35-402(b) as its authority to appeal, and the defendant argued that Tennessee Rule of Appellate Procedure 3 was the exclusive source of the State's right to appeal. Id. at *4-5. The Tennessee Supreme Court, in considering this jurisdictional issue, recognized that the State's argument actually concerned the offense classification because the State claimed that the defendant was improperly sentenced for a Class A misdemeanor rather than a Class D felony. Id. at *7. The court noted that "[a] trial court's improper application of either the offender classification or the offense classification will directly result in a 'wrong sentence range.'" Id. at *8. It then concluded that because the appeal involved offense classification, it necessarily involved sentence range. Id. Accordingly, the Tennessee Supreme Court agreed with the determination of the Court of Criminal Appeals that Code section 40-35-402(b)(1) served as a basis for appellate jurisdiction in that case. Id. Applying the Menke holding regarding jurisdiction to the Defendant's case, we conclude that Code section 40-35-402(b)(1) likewise serves as the State's authority to appeal.

The Tennessee Supreme Court in Menke also considered whether the amendments to the theft grading statute in Code section 39-14-105 are applicable when the defendant's offense occurred before the amendments' effective date and the defendant was sentenced after the amendments' effective date. Id. at *8. The court, rejecting the view that the value of the stolen property is an essential element of the offense, concluded that the Criminal Savings Statute is applicable to the amendments to the theft grading statute:

> After our thorough review, we are persuaded that the Criminal Savings Statute does apply to the amended theft grading statute. We remain particularly unconvinced that the value of the stolen property was intended to be an essential element of the offense of theft. This Court has made clear that value is a jury question. See State v. Hamm, 611 S.W.2d 826, 828-29 (Tenn. 1981) ("In determining the value of stolen property . . . , the trier of fact is to determine the fair cash market value of the stolen property at the time and place of the theft . . . ."). Still, it does not

necessarily follow that value is an <u>essential element</u>. As noted above, the fair market value of the stolen property is a question determined by the jury after the defendant is found guilty of theft beyond a reasonable doubt. It is a separate determination made after a defendant's guilt has been established and pursuant to a different statute. Moreover, the inability to ascertain the stolen property's value is not fatal to the State's charge against the defendant. <u>See</u> Tenn. Code Ann. § 39-11-106(36)(C) (2014) ("If property or service has value that cannot be ascertained . . . , the property or service is deemed to have a value of less than fifty dollars ($50.00)[.]"). We, therefore, agree with the <u>Keese</u> panel of the Court of Criminal Appeals that the value of the stolen property is not an <u>essential element of the offense of theft.</u>

<u>Id.</u> at *11 (footnote omitted) (emphasis added).

The court next concluded that the amendments to the theft grading statute effectively decreased the punishment for some crimes:

While we cannot fully agree with the defendant's argument that the theft grading statute is a sentencing statute, we also cannot ignore the direct impact that the theft grading statute has on punishment. Under the subject statute, the stolen property's value is used to determine the corresponding offense class, and then, under section 40-35-111, the offense class is used to determine an authorized sentence. So, by raising the value ranges associated with each offense class—e.g., from $500 or less for Class A misdemeanor theft to $1,000 or less—the legislature reduced the punishment for the crime. <u>See</u> <u>also</u> Tenn. Code Ann. § 39-14-105, Sentencing Comm'n Cmts. ("This section provides the punishment for the offenses of theft. These offenses are punished according to the value of the property or services obtained."); Tenn. Code Ann. § 39-14-408(c)(2) (The statute criminalizing vandalism provides that the offense "shall be punished as for theft under § 39-14-105 . . . .").

<u>Id.</u> at *13 (footnote omitted). The court explained that "because the amendments at issue clearly provide for a 'lesser penalty' than the previous version of the theft grading statute,

. . . the condition provided in the Criminal Savings Statute is satisfied[,] and . . . the amended version of the theft grading statute is applicable even where, as here, the offense occurred before the amendment's effective date." Id. (footnote omitted). The court then held that the Defendant's crime constituted a Class A misdemeanor and that the trial court's imposition of a sentence of eleven months and twenty-nine days for this offense was proper. Id.

Here, the amended version of the theft grading statute provides for a "lesser penalty" for the Defendant's theft conviction than the prior version of the statute; accordingly, the condition provided in the Criminal Savings Statute is satisfied, and the amended theft grading statute is applicable, even though the Defendant committed the theft offense before the effective date of the amended version of the statute. In light of the Tennessee Supreme Court's opinion in State v. Menke, we conclude that the trial court properly applied the Criminal Savings Statute and properly imposed a sentence of eleven months and twenty-nine days for this conviction. However, because the Defendant's crime constitutes a Class A misdemeanor, rather than a Class E felony as reflected in the judgment form, we remand the case to the trial court for entry of a corrected judgment reflecting that the Defendant's amended offense and conviction offense are theft of property valued at $1,000 or less and that the Defendant's conviction is a Class A misdemeanor.

## CONCLUSION

Upon reconsideration of this case in light of the Tennessee Supreme Court's decision in State v. Menke, we affirm the trial court's imposition of a sentence of eleven months and twenty-nine days for the Defendant's theft conviction, we reverse the portion of the judgment stating that this theft conviction is a Class E felony, and we remand the case to the trial court for entry of a corrected judgment form reflecting that the Defendant's amended offense and conviction offense are theft of property valued at $1,000 or less and that this theft conviction constitutes a Class A misdemeanor.

_____
CAMILLE R. MCMULLEN, JUDGE

- 6 -