**STATE of Tennessee**

v.

**Richard T. SMILEY.**

Supreme Court of Tennessee, at Knoxville.

Jan. 30, 2001.

Kevin W. Shepherd, Maryville, TN, for the appellant, Richard T. Smiley.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Todd R. Kelley, Assistant Attorney General, Michael L. Flynn, District Attorney, and Kirk Andrews, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., DROWOTA, HOLDER, and BARKER, JJ., joined.

Richard T. Smiley, using a knife, inflicted injury to the victim, W.F. Bivens. Smiley was indicted for aggravated assault, a Class C felony under Tenn.Code Ann. § 39–13–102(a)(1) (Supp.1995). In contrast, the simple assault statute, Tenn. Code Ann. § 39–13–101(a) (1997), provides that a person who intentionally causes "physical contact" that is "extremely offensive or provocative" commits a Class B misdemeanor. This case presents for review the question whether the lesser crime of intentionally causing "extremely offensive or provocative" physical contact should have been submitted to the jury as a lesser-included offense of aggravated assault even when the aggravated assault caused "bodily injury." Because we find that the offense of intentionally causing "extremely offensive or provocative" physical contact should not have been submitted to the jury as a lesser included offense of aggravated assault (bodily injury), we affirm the judgment of the Court of Criminal Appeals.

## I. Facts and Procedural History

On November 21, 1995, W.F. Bivens, the victim, was delivering fuel to a Madisonville convenience store. At that time, Teresa Gourley, an acquaintance, was apparently attempting to elude Richard T. Smiley, the defendant. To get away from Smiley, Gourley climbed into the cab of Bivens's 64 foot tanker truck; she asked him to drive her away from the store.

Bivens complied with Gourley's request and drove to another market on his delivery route with Smiley following. Smiley circled the parking lot and began taking photographs of Bivens and Gourley. Bivens used his mobile telephone to summon assistance; a clerk observed Smiley's conduct from inside the store and also called the police. Intending to reason with Smiley, Bivens approached Smiley's car. Smiley got out of his car brandishing a pocket knife. With the knife, Smiley stuck Bivens in the finger and stabbed Bivens's left palm.[1] An officer who had observed the injury testified that "it was what I would consider a rather serious wound that needed medical treatment as soon as possible." Indeed, to repair the artery lacerated by the stab wound, electro-cautery was necessary.

Following his arrest, Smiley was indicted for aggravated assault.[2] The case was tried to a jury, and at the conclusion of the proof and arguments of counsel, the trial court instructed the jury on four offenses: (1) knowing aggravated assault, (2) reckless aggravated assault, (3) reckless endangerment, and (4) assault. As to the assault instruction, the trial court did not include the statutory language in its entirety. Rather, the trial court included only Tenn.Code Ann. § 39–13–101(a)(1), which provides: "A person commits assault who: Intentionally, knowingly or recklessly causes bodily injury to another." Violation of this provision constitutes a Class A misdemeanor. Subsection (a)(3) of the statute provides, additionally, that a "person commits assault who ... [i]ntentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." This offense is a Class B misdemeanor. As stated, this section was not included in the jury instructions.

The jury convicted Smiley of assault, a Class A misdemeanor, and imposed the maximum fine of $2,500. Additionally, the trial court imposed a workhouse sentence of eleven months twenty-nine days and suspended all but ten days.

As acknowledged by the defendant's attorney at the sentencing hearing, the facts

---

1. The defendant does not deny cutting Bivens' hand with his pocket knife. He testified, however, to an entirely different set of facts in which the assault on Bivens was justified by a need for self-defense. The testimony from the clerk at the store and evidence of the calls to the police support the conclusion that the defendant's rendition of the facts are not credible.

2. The applicable statute at the time of the offense, Tenn.Code Ann. § 39–13–102 (Supp. 1995), provides:
   (a) A person commits aggravated assault who:
   (1) Intentionally or knowingly commits an assault as defined in § 39–13–101 and:
   (A) Causes serious bodily injury to another; or
   (B) Uses or displays a deadly weapon; or
   (2) Recklessly commits an assault as defined in § 39–13–101(a)(1), and:
   (A) Causes serious bodily injury to another; or
   (B) Uses or displays a deadly weapon....
   Tenn.Code Ann. § 39–13–101 (1997) provides:
   (a) A person commits assault who:
   (1) Intentionally, knowingly or recklessly causes bodily injury to another;
   (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
   (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.
   (b) Assault is a Class A misdemeanor unless the offense is committed under subdivision (a)(3), in which event assault is a Class B misdemeanor.

appeared to have supported a conviction for either aggravated assault or justifiable self-defense. In his brief, the defendant speculates that the jury rejected aggravated assault as an option because it found that the pocket knife did not constitute a deadly weapon. The trial court noted that the evidence was sufficient to prove the defendant guilty beyond a reasonable doubt of aggravated assault.

On appeal, Smiley contends that the trial court erred in failing to instruct the jury on the lesser offense, the Class B misdemeanor assault by "extremely offensive or provocative" physical contact. He insists that a reasonable person could find that a cut inflicted by a pocket knife is extremely offensive contact. Thus, Smiley argues, the Class B misdemeanor is a lesser-included offense of aggravated assault and is supportable by the evidence.

Considering the issues, the Court of Criminal Appeals found that neither party had presented any evidence that Smiley's contact with the victim had been extremely offensive or provocative. Thus, the intermediate court rejected Smiley's argument and affirmed the conviction. A member of the panel dissented. Judge Joseph M. Tipton expressed the view that stabbing a person in the hand is contact that could be regarded as extremely offensive or provocative. He would have found that such offensive contact is a lesser-included offense of aggravated assault and would have reversed the conviction.

## II. Standard of Review

■ Our standard of review of this mixed question of law and fact, whether the Class B misdemeanor is a lesser-included offense which must be submitted to the jury, is de novo with no presumption of

correctness. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn.1999).

## III. Analysis

■ The law of lesser-included offenses has been often addressed by the Court, yet the concept continues to vex bench and bar.[3] It is well established that a trial court has a duty to give a complete charge of the law applicable to the facts of the case. *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn.1986). As part of this duty, a trial court is required by statute to charge juries as to the law of each offense "included" in an indictment. Tenn.Code Ann. § 40–18–110 (1997). This requirement extends to lesser-included offenses and is not contingent on specific requests for such instructions by the defendant or prosecution. *Id.; see State v. Fowler*, 23 S.W.3d 285, 288–89 (Tenn.2000).

■ The controlling criterion for determining whether a lesser offense must be submitted to the jury in this case is established in *State v. Burns*, 6 S.W.3d 453, 467 (Tenn.1999). Under part (a) of the *Burns* test, an offense is a lesser-included offense for purposes of jury instructions if the elements of the lesser offense are included in the elements of the charged offense. *Id.* Under this test, we would compare the elements of aggravated assault with those of assault by extremely offensive or provocative physical contact. An assault by extremely offensive contact is clearly included in the offense of aggravated assault and is, thereby, a lesser-included offense because one of the elements of aggravated assault is the commission of an assault "as defined in section 39–13–101" (the section encompassing the crime of assault by "extremely offensive or provocative physical contact").[4]

3. In *State v. Burns*, 6 S.W.3d 453 (Tenn.1999) and *State v. Dominy*, 6 S.W.3d 472 (Tenn. 1999), this Court traced and discussed the developments in the common and statutory law regarding lesser-included offense instructions.

4. This same result would be reached under *Howard v. State*, 578 S.W.2d 83 (Tenn.1979), which set forth the statutory elements test incorporated into part (a) of the *Burns* test.

After determining that an offense is a lesser-included offense, the second-prong of the *Burns* test is to determine whether the lesser-included offense should be submitted to the jury. 6 S.W.3d at 469. "First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense.... Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense." *Id.*

██ If, as the defendant suggests, every physical injury would support a conviction for an extremely offensive or provocative touching, then the lesser offense should have been charged. If, however, the State is correct and "extremely offensive or provocative" physical contact applies only to a type of physical contact not causing bodily injury, then there is no evidence in the record supporting the lesser-included offense. This is a question of statutory construction.

"Offensive" and "provocative" contact are not defined by the provisions of our code. But the sentencing commission comments [5] to Tenn.Code Ann. § 39–13–101 do include a definition of "extremely offensive or provocative" physical contact that is non-inclusive of bodily injury:

"Bodily injury," broadly defined in section 39–11–106, includes abrasions and cuts, physical pain, illness or impairment.

Subdivision (a)(3) extends beyond "bodily injury" and proscribes physical contact that a "reasonable person" would consider extremely offensive or provocative....

When bodily injury results or is reasonably feared, the offense is a Class A misdemeanor. If only physical contact which is extremely offensive or provoca-

tive occurs, the offense is a Class B misdemeanor.

In the law of torts where the concept of offensive contact originated, offensive contact is generally defined as contact that "offends a reasonable sense of personal dignity." Stuart M. Speiser et al., *The American Law of Torts,* § 26:15. Cited examples include: kissing without one's consent, cutting one's hair without consent, or spitting in one's face. *Id.* We find such examples indicative of what is meant by extremely offensive or provocative contact. The sentencing committee comments show that Tenn.Code Ann. § 39–13–101(a)(3) applies only to that physical contact which does not involve physical bodily injury.

Under the facts of this case, no reasonable jury could conclude that Smiley committed an assault by "extremely offensive or provocative" physical contact. Smiley, using a knife, stuck the victim's finger and stabbed the victim's palm. An officer described the injury as "rather serious." This injury clearly rises to the level of "bodily injury" as defined by the sentencing commission comments to Tenn.Code Ann. § 39–13–101. This injury, however, does not amount to "extremely offensive or provocative" physical contact such as kissing without one's consent, cutting one's hair without consent, or spitting in one's face. Because the evidence in this case is insufficient to support a conviction of assault by "extremely offensive or provocative" physical contact, the jury should not have been instructed on the lesser-included offense.

## IV. Conclusion

Accordingly, the trial court did not err in failing to instruct the jury on "extremely offensive or provocative" physical contact, as no such contact aside from that causing physical injury occurred. The judgment of the Court of Criminal Appeals

---

**5.** "The comments in this code are intended to explain its provisions and to aid in their interpretation. The comments are not authoritative statements, but are evidence of the con-

siderations which prompted the statutory test." Tenn.Code Ann. § 39–11–104 sentencing comm'n cmts. (1997).

is affirmed. Costs of appeal are taxed to the defendant, Richard T. Smiley.