# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 6, 2001 Session

## STATE OF TENNESSEE v. WILLIE G. LOFTON

**Direct Appeal from the Circuit Court for Madison County**
**No. 00-248    Roger Page, Judge**

---

**No. W2001-00780-CCA-R3-CD  - Filed February 14, 2002**

---

Defendant, Willie G. Lofton, appeals his conviction for driving under the influence.  Defendant claims that the trial court erred by refusing to instruct the jury as to the offense of driving while impaired as a lesser included of driving under the influence.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

David M. Livingston, Brownsville, Tennessee, for the appellant, Willie G. Lofton.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Madison County Grand Jury returned a three-count indictment charging Defendant with driving under the influence of an intoxicant, violating the open container law and speeding.  During trial, Defendant pled guilty to speeding.  The jury found Defendant guilty of the remaining two charges.

On the evening of September 30, 1999, Trooper Azbill was patroling Highway 412 using stationary radar.  At approximately 10:30 p.m., he observed a Nissan Maxima automobile (driven by Defendant) traveling at what he believed to be a high rate of speed, weaving in and out of two lanes of traffic.  The radar verified that the vehicle was traveling eighty-three miles per hour.  The posted speed limit was fifty-five miles per hour.  He activated his siren and blue lights and pursued the vehicle for a mile and a half.  After the car stopped, he ordered Defendant to turn off the ignition and exit the vehicle.  Defendant complied with his requests; however, Defendant did not verbally

respond to questions from Officer Azbill. Defendant smelled of alcohol and was unsteady on his feet. Azbill testified that in his opinion, Defendant was intoxicated.

Trooper Azbill arrested Defendant and placed him in the back of the patrol car. He searched the vehicle and found a half-pint of cognac under the driver's seat. The seal was broken and the container was one-eighth full. He transported Defendant to the patrol station to perform a breathalyzer test. As a standard procedure, he requested that another trooper, Trooper Briley, witness the breathalyzer test. He explained to Defendant that he was under arrest, requested that he consent to a breathalyzer test, and read the Implied Consent Law form to Defendant. The Defendant refused to respond. Then, Azbill informed Defendant that failure to respond would be considered as a refusal and that he would be charged with violation of the Implied Consent Law. Defendant just stared at him blankly. Trooper Azbill filled out the form, and put "refused" on the signature line, and Trooper Briley signed as a witness.

Defendant testified that he was fifty-two years old, and suffered a mild heart attack two years ago. Consequently, he was placed on daily medication, which he was taking at the time of the arrest. He also testified to having poor tendons in his right leg, and that sitting for long periods of time aggravated this condition.

On September 30, 1999, Defendant visited his brother-in-law, Mr. Hines, and a friend, Mr. Nichols, in Jackson, Tennessee. He resides in Brownsville, Tennessee. In the morning, he picked up both men and they played golf for four to five hours. While at the golf course they did not consume any alcohol. After leaving, they stopped at a liquor store and purchased a half-pint of cognac. They then spent another four to five hours at Mr. Hines' home where they played chess, barbequed and listened to music. Defendant testified that while there, he began having chest pain that was similar to the pain he experienced when he had the heart attack. At 9:30 p.m., they each drank one shot of cognac, after which, Mr. Hines placed the bottle in Defendant's car. Defendant and Mr. Nichols left around 10:00 p.m. After dropping off Mr. Nichols, Defendant decided to avoid the interstate and travel on Highway 412. He testified that as he was driving home, he noticed that an officer was pursuing him. However, he waited until he was in a well-lit area before pulling over. After he stopped, Trooper Azbill approached the car with his hand on his gun. Defendant testified that Azbill was also irate and screamed, "why didn't you stop." Seeing that he was upset, Defendant testified that he tried to avoid a confrontation. Defendant complied with Trooper Azbill's requests, but chose to remain silent. After he exited the vehicle, Trooper Azbill pushed him up against the car and placed him in handcuffs. He testified that he had trouble walking, but he could not be sure if it was caused by a former leg injury or the discomfort in his chest. He remembered leaning on the car for support. He claimed that he was not intoxicated, although he did have a drink of cognac, which has a pungent smell. Defendant did not request medical attention from the trooper, nor did he mention that he was experiencing chest pain. He also testified that he was not offered a breathalyzer test, and that Trooper Azbill did not read him the Implied Consent Law.

Mr. Hines also testified for the defense. He stated that he was with Defendant and Mr. Nichols on September 30, 1999. According to his testimony, Defendant was sober when he left to

drive Mr. Nichols home between 9:30 and 10:00 p.m. Mr. Nichols corroborated this testimony. He also testified that on the way home, Defendant mentioned that he was feeling bad.

As rebuttal proof, the State called Trooper Briley. He testified that he signed the Implied Consent Form as a witness. He also stated that he witnessed Trooper Azbill read and explain the breathalyzer test and the Implied Consent form to Defendant. He also remembered that Defendant refused to respond. He testified that Defendant smelled of alcohol, and he also believed that Defendant was intoxicated.

During a recess, the court discussed the potential jury charge with counsel. Although Defendant requested an instruction as to driving while impaired as a lesser included offense, the trial court declined to give this instruction.

## ANALYSIS

Defendant asserts that the trial court committed reversible error by failing to instruct the jury on the lesser-included offense of driving while impaired. See Tenn. Code Ann. § 55-10-418 (1997). We respectfully disagree.

A trial court in a criminal case is required to instruct the jury on the general principles of law relating to each offense included in the indictment, even absent a request by the defendant. See Tenn. Code. Ann. § 40-18-110(a) (1997). Whether an offense should be submitted to the jury as a lesser-included offense is a mixed question of law and fact. See State v. Smiley, 38 S.W.3d 521, 524 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Mixed questions of law and fact are reviewed de novo, without a presumption of correctness. See Smiley, 38 S.W.3d at 524; Burns, 6 S.W.3d at 461.

Our Court recently decided this issue in State v. Humphreys, No. M2001-00333-CCA-R3-CD, 2001 WL 844400, Williamson County (Tenn. Crim. App., Nashville July 26, 2001), perm. to app. denied (Tenn. 2001). In Humphreys, the defendant was convicted for driving under the influence of an intoxicant. On appeal, the defendant argued that the trial court erred by failing to instruct the jury as to the lesser offense of adult driving while impaired. Our court held that based on Burns, adult driving while impaired is not a lesser included offense of driving while under the influence of an intoxicant. See Burns, 6 S.W.3d at 466-67. We find that the analysis in Humphreys applies here.

In Burns, our Supreme Court adopted a modified version of the American Law Institute's Model Penal Code definition of lesser-included offenses. See id. at 466. Under this modified test, an offense is lesser-included when:

(a)     all of its statutory elements are included within the statutory elements of the offense charged; or

(b)     it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing:

(1)     a different mental state indicating a lesser kind of culpability; and/or

(2)     a less serious harm or risk of harm to the same person, property or public interest; or

(c)     it consists of

(1)     facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(2)     an attempt to commit the offense charged or an offense that otherwise meets  the definition of lesser-included offense in part (a) or (b); or

(3)     solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

See id. at 466-67; See also Humphreys, 2001 WL 844400, *8.

The offense of driving under the influence is defined in section 55-10-401(a) of the Tennessee Code Annotated as follows:

It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:
(1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or
(2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more.

The offense of adult driving while impaired is set forth as:

A person twenty-one years (21) of age or older who drives or is in physical control of a motor vehicle while such person's ability to safely operate the vehicle is impaired as the proximate result of the consumption or ingestion of alcohol, drugs, any other intoxicant or any combination thereof commits the offense of adult driving while impaired.

Tenn. Code Ann. § 55-10-418(a) (1997).

The Humphreys court held that it was not error to refuse to instruct the jury as to the lesser included offense of driving while impaired under part (a) of the Burns test because:

Under part (a) of Burns, an offense is included if it is impossible to commit the charged offense without also committing the lesser.  Accordingly, an offense is not a lesser included offense of another when each crime requires a different element of proof.  As defined by the statute, driving while impaired contains an element, "[a]

person twenty-one years (21) of age or older," which is not included within the statutory elements of driving under the influence, and as such fails part (a) of the <u>Burns</u> test.

<u>Humphreys</u>, 2001 WL 844400, *9.

Nonetheless, under <u>Burns</u>, an offense that fails to meet the definition in part (a) could be included as a lesser offense if it satisfied the standards articulated in part (b). <u>See</u> <u>id.</u>; <u>Burns</u>, 6 S.W.3d at 466-67. Thus, under (b), "an offense may still be a lesser-included offense despite having a different element if the differing element reflects a less serious harm or risk of harm or involves a differing mental state indicating a lesser kind of culpability." <u>Humphreys</u>, 2001 WL 844400, *8 (quoting <u>State v. Rush</u>, 50 S.W.3d 424, 429 (Tenn. 2001)). The <u>Humphreys</u> court held that "proof that the offender is 'twenty-one years (21) of age or older' is not a 'less serious harm or risk of harm to the same person, property or public interest' or 'a differing mental state indicating a lesser kind of culpability' under part (b) of the <u>Burns</u> test." <u>Id.</u>

Accordingly, the offense of adult driving while impaired is not a lesser-included offense of driving under the influence under the test pronounced in <u>Burns</u>. Thus, we find that the court did not err by refusing to include this offense in its instructions to the jury.

**CONCLUSION**

After reviewing the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE