IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2009

## STATE OF TENNESSEE v. BRANDON D. THOMAS

**Appeal from the Circuit Court for Warren County**
**No. M-9973     Larry B. Stanley, Judge**

_____

**No. M2008-01395-CCA-R3-CD - Filed March 4, 2009**

_____

The Defendant, Brandon D. Thomas, was convicted by a jury of misdemeanor evading arrest. He was sentenced to serve eleven months and twenty-nine days in the Warren County Jail. In this direct appeal, the Defendant contends that the trial court erred in refusing to instruct the jury on resisting arrest as a lesser-included offense of misdemeanor evading arrest. We conclude that this contention lacks merit, and we accordingly affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

L. Scott Grissom, Public Defender, McMinnville, Tennessee, for the appellant, Brandon D. Thomas.

Robert E. Cooper, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Thomas Miner, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On September 3, 2004, a Warren County grand jury charged the Defendant with evading arrest in violation of Tennessee Code Annotated section 39-16-603(a)(1), a Class A misdemeanor. A jury trial was held.

The Defendant has prepared a statement of the evidence. See Tenn. R. App. P 24. The statement of the evidence recites the facts as follows:

The first witness for the State was Warren County Sheriff's Department Deputy Jesse Reid. Deputy Reid testified that while on patrol in a marked Warren County Sheriff's Department vehicle and in uniform on July 2, 2004, he was doing a business check at Eastside Market at approximately 11:30 p.m. The store was closed and a vehicle was parked by the gas pumps. Deputy Reid knew the occupants of the car to be Kim Duke and [the Defendant]. A warrants check with dispatch revealed an active warrant on the passenger, [the Defendant]. Deputy Reid then approached [the Defendant] and advised him that there was an attachment for him and that he was under arrest. [The Defendant] exited the car and then reached back inside the vehicle. Deputy Reid advised him to put his hands on the roof which [the Defendant] did, but then proceeded to push off the car and took off running, fleeing into the woods behind the store. Deputy Reid called for assistance and a search for [the Defendant] was unsuccessful.

Deputy Dennis Duncan of the Warren County Sheriff's Department testified that he went to the scene and assisted in the search for [the Defendant]. During this search, he was involved in a traffic stop of Jamie Ivy, a known associate of [the Defendant].

Detective Tony Jenkins of the McMinnville Police Department testified that he was familiar with [the Defendant] and Jamie Ivy and near the time of this incident they were living in an apartment together.

The Defendant . . . chose to testify on his own behalf. [The Defendant] testified that he was at the scene and did flee from Deputy Reid. [The Defendant's] reasons for leaving were two fold, with the first reason being that he was afraid that the driver of the car, Kim Duke, was trying to set him up on a drug charge. Secondly, [the Defendant] testified that he fled because he knew the child support attachment that he was being arrested on was bogus since he had been to court and the child support office to have the matter corrected. Evidence was admitted that showed that the attachment was recalled on July 4, 2004.

The jury found the Defendant guilty as charged. Thereafter, the trial court sentenced the Defendant to eleven months and twenty-nine days in the county jail. This appeal followed.

**ANALYSIS**

The Defendant contends that the trial court erred in failing to instruct the jury on resisting arrest as a lesser-included offense of misdemeanor evading arrest. Tennessee Code Annotated section 40-18-110 governs jury charges as to lesser included offenses. In relevant part, it states that "[a]bsent a written request, the failure of a trial judge to instruct the jury on any lesser-included offense may not be presented as a ground for relief either in a motion for new trial or on appeal." Tenn. Code Ann. § 40-18-110(c). The record in this case does not contain any request by the Defendant, written or otherwise, for an instruction on resisting arrest as a lesser included offense of

misdemeanor evading arrest. We conclude that the Defendant has waived the issue. Waiver aside, our supreme court has held that appellate courts are not precluded from reviewing this issue under the plain error doctrine. See State v. Page, 184 S.W.3d 223, 230 (Tenn. 2006).

Under the Burns test, an offense is a lesser-included offense if it meets the following requirements:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
>
> (1) a different mental state indicating a lesser kind of culpability; and/or
>
> (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of
>
> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>
> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>
> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Burns, 6 S.W.3d at 466-67. Furthermore, our supreme court stated in Burns that a lesser-included offense instruction is not required unless the particular facts of the case would support a jury conviction on that charge. Id. at 469.

On appeal, "[t]he question whether a given offense should be submitted to the jury as a lesser-included offense is a mixed question of law and fact." State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001) (citing State v. Smiley, 38 S.W.3d 521, 524 (Tenn. 2001)). The standard of review on appeal is de novo. Burns, 6 S.W.3d at 461.

Upon review, we conclude that resisting arrest is not a lesser-included offense of misdemeanor evading arrest. Tennessee Code Annotated section 39-16-603(a)(1) defines misdemeanor evading arrest as follows:

[I]t is unlawful for any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person:

    (A) Knows the officer is attempting to arrest the person; or

    (B) Has been arrested.

Tenn. Code Ann. § 39-16-603(a)(1).

Class B[1] misdemeanor resisting arrest, involving obstruction of law enforcement,[2] is provided for in Tennessee Code Annotated section 39-16-602(a):

    (a) It is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer, or anyone acting in a law enforcement officer's presence and at the officer's direction, from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another.

Tenn. Code Ann. § 39-16-602(a). Force is defined as "compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title." Tenn. Code Ann. § 39-11-106(a)(12).

A comparison of the elements of these two offenses convinces us that resisting arrest cannot be a lesser-included offense of misdemeanor evading arrest. A violation of misdemeanor evading arrest is proven when the State establishes the following elements: (1) The defendant by any means of locomotion fled from a person he knew to be a law enforcement officer; (2) The defendant knew the officer was attempting to arrest him or he had been arrested; and (3) The defendant acted intentionally. Class B misdemeanor resisting arrest occurs when: (1) The defendant prevented or obstructed a person he knew to be a law enforcement officer, or anyone acting in a law enforcement officer's presence and at the officer's direction, from effecting a stop, frisk, halt, arrest, or search of any person; (2) The defendant used force against the law enforcement officer or another; and (3)The defendant acted intentionally.

On appeal, the Defendant argues that "the language 'flee by means of locomotion' . . . is so broad that it would encompass the use of force as means of locomotion to flee from an officer." The statute proscribing misdemeanor evading arrest requires proof of fleeing, by any means of locomotion, from a person known to be a law enforcement officer and knowledge that the officer is attempting to arrest the individual, but it makes no reference to either preventing or obstructing a

---

[1] Resisting arrest is a Class A misdemeanor if a deadly weapon is used. Tenn. Code Ann. § 39-16-602(d).

[2] Additionally, we note that there is another way to commit the Class B misdemeanor offense. Subsection (c) makes it an offense to prevent service of process.

known law enforcement officer from effecting a stop, frisk, halt, arrest, or search or to the use of force against the officer or another (elements required for resisting arrest). These two offenses require proof of different statutory elements. Resisting arrest is not a part (a) lesser included offense under the <u>Burns</u> test. The essential elements of resisting arrest, that the defendant prevent or obstruct, by force, a known law enforcement officer from effecting a stop, frisk, halt, arrest, or search does not constitute a different mental state or a less serious risk of harm; both crimes require an intentional mental state, and evading arrest requires no force at all. Therefore, resisting arrest is not a lesser- included offense under part (b) of the test. Resisting arrest is not a lesser-included offense of misdemeanor evading arrest under part (c) of the <u>Burns</u> test as it is not a facilitation, attempt, or solicitation. Class B misdemeanor resisting arrest is not a lesser-included offense of misdemeanor evading arrest.

The trial court did not err by declining to instruct the jury on resisting arrest. Because we conclude that the trial court did not err, a plain error analysis is unnecessary.

**CONCLUSION**

Based upon the foregoing, we conclude that the trial court did not err by declining to instruct the jury on the offense of resisting arrest. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-5-