# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs August 16, 2016 at Knoxville

## STATE OF TENNESSEE v. MARCUS WILLIAMS

**Appeal from the Criminal Court for Shelby County**
**No. 14-01733     W. Mark Ward, Judge**

---

### No. W2015-01918-CCA-R3-CD  -  Filed September 29, 2016

---

The defendant, Marcus Williams, appeals his Shelby County Criminal Court jury convictions of identity theft, theft of property, and forgery, claiming that the evidence was insufficient to support his convictions and that the trial court erred by instructing the jury on criminal responsibility and by admitting certain evidence at trial.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Charles S. Mitchell, Memphis, Tennessee, for the appellant, Marcus Williams.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Omar Malik, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In April 2014, the Shelby County Grand Jury charged the defendant with one count each of identity theft, theft of property valued at $1,000 or more but less than $10,000, and forgery.  The trial court conducted a jury trial in June 2015.

The proof at trial established that Jazmin Cruz owned Jazzy's Star Boutique ("the Boutique"), a clothing store in Memphis.  On August 15, 2013, a man and woman entered the Boutique and asked Ms. Cruz for assistance in selecting several items.  Because Ms. Cruz was in a hurry to get to the airport and was in the process of leaving the store, she placed her handbag by the check-out counter, leaving it unattended while

assisting the female customer. Both customers left a short time later without making any purchases.

When Ms. Cruz arrived at the airport later that day, she realized that her wallet was missing from her handbag. She contacted an employee at the Boutique and asked him to review the security camera footage. Through Ms. Cruz's testimony, the State introduced into evidence a video recording and still photographs taken from that security camera footage. Ms. Cruz identified the defendant as the male customer depicted in the photographs, and a series of photographs as well as the video footage showed the defendant removing Ms. Cruz's wallet from her handbag. Ms. Cruz testified that her wallet, which she estimated to be worth $160, contained $900 in cash, four credit cards, her driver's license, her social security card, her handgun permit, and her checkbook.

Following the theft of her wallet, six unauthorized purchases totaling over $900 were made on Ms. Cruz's credit cards, and one of Ms. Cruz's checks was cashed on August 16 in the amount of $900. Ms. Cruz confirmed that the signature on the check in question was not her own, and her name was, in fact, misspelled.

After reporting the theft to the police, Ms. Cruz reviewed a photographic lineup and positively identified the defendant as the man who entered the Boutique on August 15 and stole her wallet.

With this evidence, the State rested. Following the denial of the defendant's motion for judgment of acquittal and a *Momon* colloquy, the defendant elected not to testify and chose not to present any proof.

Based on this evidence, the jury convicted the defendant as charged of identity theft, theft of property valued at $1,000 or more but less than $10,000, and forgery in an amount of $500 or more but less than $1,000. Following a sentencing hearing, the trial court sentenced the defendant as a multiple offender to a term of eight years' incarceration to be served at 35 percent for both the identity theft and the theft of property convictions and a term of four years' incarceration to be served at 35 percent for the forgery conviction. The court ordered all sentences to be served consecutively for a total effective sentence of 20 years.

Following the denial of his timely motion for new trial, the defendant filed a timely notice of appeal. In this appeal, the defendant contends that the evidence is insufficient to support his convictions, that the trial court erred by admitting the security camera video recording and still photographs without proper authentication, and that the

trial court erred by instructing the jury on criminal responsibility. We will address each issue in turn.

*I. Sufficiency*

The defendant contends that the evidence is insufficient to support his convictions of identity theft, theft of property, and forgery. We disagree.

We review the defendant's claim of insufficient evidence mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.* Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

A person commits identity theft who "knowingly obtains, possesses, buys, or uses, the personal identifying information of another . . . [w]ith the intent to commit any unlawful act including, but not limited to, obtaining or attempting to obtain credit, goods [or] services . . . in the name of such other person" and "[w]ithout the consent of such other person." T.C.A. § 39-14-150(b)(1)(A)-(B). "Personal identifying information" includes any "[u]nique electronic identification number, . . . routing code or other personal identifying data which enables an individual to obtain merchandise or service or to otherwise financially encumber the legitimate possessor of the identifying data." *Id.* § 39-14-150(e)(3).

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." *Id.* § 39-14-103(a). "Value," as relevant to the theft in this case, is defined as either "[t]he fair market value of the property or service at the time of the offense" or "[i]f the fair market value of the property cannot be ascertained, the cost

of replacing the property within a reasonable time after the offense." *Id.* § 39-11-106(36)(A)(i)-(ii). Furthermore, Tennessee Rule of Evidence 701(b) provides "[a] witness may testify to the value of the witness's own property or services." Tenn. R. Evid. 701(b).

The offense of forgery is committed when a person "forges a writing with intent to defraud or harm another." *Id.* § 39-14-114(a). To "forge" is to "[a]lter, make, complete, execute or authenticate any writing so that it purports to . . . [b]e the act of another who did not authorize that act." *Id.* § 39-14-114(b)(1)(A)(i).

Moreover, "[a] person is criminally responsible as a party to an offense, if the offense is committed by the person's own conduct, by the conduct of another for which the person is criminally responsible, or by both." T.C.A. § 39-11-401(a). Additionally, criminal responsibility for the actions of another arises when the defendant, "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, . . . solicits, directs, aids, or attempts to aid another person to commit the offense." *Id.* § 39-11-402(2); *see State v. Lemacks*, 996 S.W.2d 166, 170 (Tenn. 1999) ("As reflected in this case, criminal responsibility is not a separate, distinct crime. It is solely a theory by which the State may prove the defendant's guilt of the alleged offense . . . based upon the conduct of another person.").

In the instant case, the proof at trial clearly established that the defendant stole Ms. Cruz's wallet from her handbag. Ms. Cruz testified that the wallet contained $900 in cash and that the wallet itself was worth $160. Specifically, Ms. Cruz stated that it was a Brahmin wallet and that the retail price of such wallets was between $145 and $240. In finding the defendant guilty of theft of property valued at $1,000 or more but less than $10,000, the jury accredited Ms. Cruz's valuation of the property, as was its prerogative. *See State v. Hamm*, 611 S.W.2d 826, 828-29 (Tenn. 1981) (holding that it is up to the jury to determine the value of the items stolen). This evidence supports a finding that the defendant committed the offense of theft of property valued at $1,000 or more but less than $10,000.

With respect to the conviction of identity theft, the proof at trial established that the defendant stole Ms. Cruz's wallet, which contained her credit cards. Those same credit cards were used in six unauthorized transactions, at least one of which occurred on the same day as the theft. Although no direct evidence tied the defendant to the credit card transactions, the circumstantial evidence supported a finding that the defendant, in stealing Ms. Cruz's wallet, knowingly obtained her personal identifying information with the intent to commit an unlawful act. *See* T.C.A. § 39-14-150(b)(1)(A)-(B); *see also Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973) (holding that criminal offense may be established exclusively by circumstantial evidence). In any event, the proof is

sufficient to establish that the defendant is criminally responsible for the actions of another in the unauthorized use of Ms. Cruz's credit cards and is therefore guilty of identity theft.

Likewise, although no direct evidence tied the defendant to the forgery of Ms. Cruz's check in the amount of $900, the check was dated and cashed on August 16, the day after the defendant stole the wallet containing Ms. Cruz's checkbook. Once again, the circumstantial evidence supported a finding that the defendant forged the check with the intent to defraud Ms. Cruz or was criminally responsible for the forgery. Circumstantial evidence is sufficient to prove the identity of the perpetrator of a crime, *see State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006), and the perpetrator's identity is a determination for the trier of fact, *see State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). In reviewing the sufficiency of the convicting evidence, we do not resolve credibility issues, make inferences, or usurp the jury's factual determinations. Our role is to determine whether the evidence, in the light most favorable to the State, factually establishes the elements of the conviction offense. We hold that the evidence in this case is sufficient to support the defendant's conviction of forgery.

## II. Authentication of Video Recording and Photographs

The defendant next argues that the trial court erred by admitting into evidence the Boutique's video surveillance footage and still photographs taken from that footage depicting the defendant's stealing Ms. Cruz's wallet on August 15. The defendant claims that the video recording and photographs were not properly authenticated through the testimony of Ms. Cruz, and the defendant notes that he filed a pretrial motion in limine to exclude the video recording and photographs.

Although the record on appeal includes the defendant's aforementioned motion in limine, it is utterly devoid of any order by the trial court ruling on the same or a transcript of any court proceedings in which the defendant's motion was heard, rendering a meaningful review of this issue impossible. The appellant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(b). If the appellant fails to prepare an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993).

Furthermore, the defendant's failure to lodge a contemporaneous objection at trial to the introduction of this evidence results in a waiver of plenary review of the

issue. *See* Tenn. R. Evid. 103 ("Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection . . . ."); Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *see also State v. Killebrew*, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988) (waiver applies when the defendant fails to make a contemporaneous objection); *State v. Jenkins*, 733 S.W.2d 528, 532 (Tenn. Crim. App. 1987). In consequence, we must conclude that this issue has been waived.

### *III. Jury Instruction on Criminal Responsibility*

Finally, the defendant contends that the trial court erred by instructing the jury on criminal responsibility because the evidence did not support the giving of the instruction. The State responds that the defendant has waived this issue for failure to object to the instruction at trial and that, in any event, the trial court's actions do not constitute plain error.

An accused's consitutional right to trial by jury, *see* U.S. Const. amend. VI; Tenn. Const. art. 1, § 6, encompasses a right to a correct and complete charge of the law, *see State v. Teel*, 793 S.W.2d 236, 249 (Tenn. 1990). The trial court has a duty "to give a complete charge of the law applicable to the facts of a case." *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn. 1986); *see Teel*, 793 S.W.2d at 249; *see also* Tenn. R. Crim. P. 30.

The legal accuracy of the trial court's instructions is a question of law subject to de novo review. *See Troup v. Fischer Steel Corp.*, 236 S.W.3d 143, 149 (Tenn. 2007). The propriety of a given instruction is a mixed question of law and fact to be reviewed de novo with a presumption of correctness. *Carpenter v. State*, 126 S.W.3d 879, 892 (Tenn. 2004); *State v. Smiley*, 38 S.W.3d 521, 524 (Tenn. 2001).

When determining on appeal whether jury instructions are erroneous, this court should "review the charge in its entirety and read it as a whole." *State v. Hodges*, 944 S.W.2d 346, 352 (Tenn. 1997) (citing *State v. Stephenson*, 878 S.W.2d 530, 555 (Tenn. 1994)). A jury instruction is "prejudicially erroneous if it fails to fairly submit the legal issues or if it misleads the jury as to the applicable law." *Id.* (citing *State v. Forbes*, 918 S.W.2d 431, 447 (Tenn. Crim. App. 1995); *Graham v. State*, 547 S.W.2d 531 (Tenn. 1977)). Even if a trial court errs when instructing the jury, such instructional error may be harmless. *State v. Williams*, 977 S.W.2d 101, 104 (Tenn. 1998). Harmless error is an error which does not "affirmatively appear to have affected the result of the trial on the

merits." Tenn. R. Crim. P. 52(a).

Although the State avers that the defendant has waived this issue for failure to contemporaneously object at trial, a party is not obliged to object to erroneous instructions, as opposed to omitted instructions. *See State v. Haynes*, 720 S.W.2d 76, 84-85 (Tenn. Crim. App. 1986). Because the defendant properly raised his objection to the jury instruction in his motion for new trial, waiver does not apply. *See* Tenn. R. Crim. P. 30(b) ("Counsel's failure to object does not prejudice the right of a party to assign the basis of the objection as error in a motion for a new trial."). Waiver does apply, however, when a defendant challenging the *omission* of an instruction fails to specially request the instruction or otherwise object to its omission at trial. *State v. Cravens*, 764 S.W.2d 754, 757-58 (Tenn. 1989); *Haynes*, 720 S.W.2d at 84-85; *Bolton v. State*, 591 S.W.2d 446, 448 (Tenn. Crim. App. 1979).

In the instant case, we first note that the record fails to include a transcript of the instructions as read to the jury, although it contains what purports to be a written copy of the trial court's charge. Failure to include a transcript normally waives review of appellate issues pertaining to jury instructions because without a complete record, it is impossible for this court to discern whether the written jury instruction conforms to the instructions as read to the jury and thus, whether error actually occurred. *See* Tenn. R. App. P. 24(b); *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981). In any event, the criminal responsibility instruction provided in the written copy of the trial court's charge was fairly raised by the evidence, tracked the language of the pattern jury instruction, and was a correct statement of the law. Accordingly, the inclusion of the instruction was not error, let alone harmless error.

*Conclusion*

Based upon the foregoing analysis, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE